on his own responsibility when he thinks proper.

The only other contention of the defendants which I need mention is that the Government is not seeking possession of the premises for its own use, but merely for the use of its cotenant in common, Callwood, and therefore does not meet the conditions laid down by the rent control law, 28 V.I.C. § 840(a), for maintaining an action for recovery of possession of rented property. The pertinent provisions of that subsection are as follows:

"(a) No action shall be maintained to recover the possession of rented premises in the Virgin Islands, except upon the ground that—

"(1) the owner seeks, in good faith, to recover possession of the premises for his own personal use; * * * * "

There is no merit in this contention. It is a universal principle of law that the possession of one cotenant is the possession of all. Union Consolidated Silver Mining Co. v. Taylor, 1879, 100 U.S. 37, 25 L.Ed. 541; 14 Am.Jur. Cotenancy § 23. Accordingly the provisions of the statute are satisfied, in a case of co-ownership such as this, if one of the owners seeks possession of the premises for his own use. So far as concerns the tenants whom he seeks to oust his possession will be that of all the co-owners. If the rent control law were not so construed as to permit owners to recover possession of their properties when they desire, in good faith, to withdraw them from the rental market it would violate the Fifth Amendment to the Constitution and section 3 of the Revised Organic Act of 1954, 48 U.S. C.A. § 1561 by depriving the owners of their property without due process of law and in effect taking it without just compensation. Rivera v. R. Cobian Chinea & Co., 1 Cir., 1950, 181 F.2d 974.

A judgment for recovery of possession will accordingly be entered. In view of the defendants' showing of inability presently to secure other suitable premises the issuance of an order of eviction will be stayed for one period of 6 months pursuant to 28 V.I.C. § 841, conditioned upon the payment to the plaintiffs of installments equivalent to the reasonable rental for which they would be liable under their previously existing tenancies.

Mrs. Edith LA FERRY

v.

AJAX TRUCK RENTALS and Southco Distributors, Inc.,

Betty Thompson, Third-Party Defendant.

Harold A. LA FERRY

v.

AJAX TRUCK RENTALS and Southco Distributors, Inc.,

Betty Thompson, Third-Party Defendant.

Civ. A. Nos. 3168, 3169.

United States District Court
E. D. Tennessee, S. D.

May 2, 1958.

Atchley & Atchley, Chattanooga, Tenn., for plaintiffs.

McAllester & McAllester, Chattanooga, Tenn., for Ajax Truck Rentals.

Strang, Fletcher, Carriger & Walker, Chattanooga, Tenn., for Southco Distributors.

Noone & Noone, Chattanooga, Tenn., for third-party defendant.

DARR, Chief Judge.

The third-party defendant, Betty Thompson, has filed a motion to dismiss the third-party complaint because it fails to state a claim upon which relief can be granted, and because Tennessee substantive law does not permit contribution between joint tort-feasors until a common liability has been established.

The principal argument on the first point centers around the fact that the third-party complaint sets out a mere conclusion of the pleader rather than facts to show negligence. It is now well recognized that under Rule 8(a), Federal Rules of Civil Procedure, 28 U.S. C.A., it is not necessary to plead facts, but only conclusions. See Moore's Federal Practice, 2nd Ed., Rule 8(a), 8.12, and Form 9, Official Forms, Federal Rules of Civil Procedure, Appendix of Forms, 28 U.S.C.A. This point is not well taken.

On the second point counsel has very earnestly and ably advanced the position that "common liability" is necessary before contribution between tort-feasors is possible in Tennessee, and has cited Vaughn v. Gill, 264 S.W.2d 805, a Tennessee Supreme Court decision that was withdrawn from official publication. This withdrawal indicates some reluctance on the part of the Tennessee Supreme Court to follow the rules set out in that decision, but this Court will assume that decision to be binding and a part of the law of the state.

In 1932 the Supreme Court of Tennessee, speaking through Mr. Chief Justice Green, decided the case of Cohen v. Noel, 165 Tenn. 600, 56 S.W.2d 744. In that case the plaintiff's automobile struck a ladder inside the public garage of the defendants and an injured employee of the garage sued the plaintiff alone, and after paying off the resulting judgment the plaintiff brought suit against the defendants asking, not contribution, but indemnification. The claim was based on the defendants being primarily liable, or actively negligent, in creating the hazardous condition. The Supreme Court reversed the action of the trial court in sustaining a demurrer.

In 1950, in Davis v. Broad St. Garage, 191 Tenn. 320, 232 S.W.2d 355, the Supreme Court, with two judges dissenting, went further and allowed contribution between joint tort-feasors. Mrs. Davis filed a bill in Chancery against the Garage alleging that the Garage had obtained a judgment against Mrs. Davis

and Mrs. Roberts, and was fraudulently seeking to obtain the entire amount of the judgment from Mrs. Davis. The overruling of a demurrer was affirmed by the majority, citing 2 Pomeroys Equitable Remedies, Section 916: "where several are jointly responsible for an act not necessarily nor ordinarily unlawful, one who acted without moral guilt or wrongful intent in the commission of the act, and who has paid the damages caused thereby, may recover contribution from the other wrongdoers." Approximately the same rule is set out also in Lawrence on Equity Jurisprudence at Section 741: "If the parties are not *in pari delicto,* one who without direct personal participation in a tort, or otherwise personally culpable, has been held accountable for it, may have exoneration from the person primarily responsible."

The difference between those two rules becomes evident however, when it is noted that the dissent in the Broad St. Garage case states that, since both Mrs. Davis and Mrs. Roberts had sued each other and both were denied recovery in their actions in a court of law, they were *in pari delicto,* and indemnification was not available. *In the case then before that court indemnification was not being requested, but only contribution.*

In American Cas. Co. v. Billingsley, 1953, 195 Tenn. 448, 260 S.W.2d 173, there was a court determination that Billingsley was liable to Henry, and later Hensley sued Henry and obtained a judgment, which was paid by Henry. Henry then sued Billingsley in Circuit Court. The Supreme Court ruled that a demurrer should not have been sustained, and spoke of the suit as being for contribution. Davis v. Broad St. Garage was cited as controlling. The action of the court in that case should have been justified under the indemnification rule.

Vaughn v. Gill was also decided in 1953. Rose Finkelstein, the injured party, sued the Vaughns as a result of a collision where an automobile driven or owned by the Vaughns struck the rear of another automobile in which she was a passenger. Gill was the driver of the front car. After judgment was entered against the Vaughns it was paid by their insurance company and a bill in chancery was filed asking for contribution. It should be pointed out here that in a suit by Gill against Vaughn recovery was denied because "they found the collision involved proximately resulted from the combined negligence of the plaintiff and the defendant." It is clear, then, that the indemnification rule did not apply.

After deciding that the demurrer in that case was properly sustained because only the insurance company could have any right of contribution, the complainant having been wholly indemnified by the insurance company, the opinion enters into a discussion of contribution between tort-feasors, and the doctrine requiring that the parties be *under a common burden or liability.* The requirement of a common burden is indicated to be necessary in an equitable suit for contribution, as Vaughn v. Gill was. Under the facts of that suit, however, the bill was dismissed on entirely different grounds, and the need for a common burden of liability is shown to be necessary only in a suit in chancery asking for equitable contribution.

In Davis v. Broad St. Garage, Mr. Justice Burnett states, 191 Tenn. on page 324, 232 S.W.2d on page 357, that "Chief Justice Green speaking for the Court held that joint tort-feasor would be allowed contribution from another where his negligence was alleged to be only passive, * * *" referring to Cohen v. Noel. Cohen v. Noel is an indemnification suit at law, as are American Cas. Co. v. Billingsley and the case now before this court. Davis v. Broad St. Garage, the leading Tennessee case on contribution, is a bill in equity, as is Vaughn v. Gill. The above misquote (the word "contribution" rather than "indemnification") by Mr. Justice Burnett appeared to mislead Mr. Justice Prewitt in the American Cas. Co. case, but the result is consistent. See 9 Vanderbilt Law Review, 69, at 71 et seq.

710

The third-party action filed in this Court is based on indemnification, not contribution. Cohen v. Noel is applicable, not Vaughn v. Gill.

■■ The contingent right of a joint tort-feasor to indemnification or contribution, if any, sets up at the same time as the right of the plaintiff against the original defendant. The method of enforcing that right is procedural and the third-party practice is applicable. Vaughn v. Terminal Transport Company, Inc., D.C., 162 F.Supp. 647.

The motion is denied.