Raymond M. ROBERSON, Plaintiff,

v.

Beryl BITNER and J. J. Taylor, Defendants and Third-Party Plaintiffs,

and

Pet Milk Company, Defendant and Third-Party Plaintiff,

v.

Glen SILVERS, Agent and Representative of Lance, Inc., Lance, Inc., Beryl Bitner and J. J. Taylor, Third-Party Defendants.

Civ. A. No. 1649.

United States District Court
E. D. Tennessee,
Northeastern Division.

July 26, 1963.

See also 218 F.Supp. 764.

Alfred J. Taylor, Johnson City, Tenn., for plaintiff Raymond M. Roberson.

Thomas E. Mitchell, Johnson City, Tenn., for defendants and third-party plaintiffs Beryl Bitner and J. J. Taylor.

Hodges, Doughty & Carson, Knoxville, Tenn., and Simmonds, Bowman & Herndon, Johnson City, Tenn., for defendant and third-party plaintiff Pet Milk Co.

Taylor & Templeton and Poore, Cox, Baker & McAuley, Knoxville, Tenn., for third-party defendants Silvers and Lance, Inc.

NEESE, District Judge.

This is an action for personal injuries arising from the collision of two motor vehicles. The plaintiff Roberson was a guest-passenger in a vehicle owned by his employer, Lance, Inc., a North Carolina corporation whose employees were covered by the workmen's compensation laws of that state; the Lance vehicle was being driven at the time of the accident by Roberson's fellow-employee, the third-party defendant Silvers, and, at that time, both Roberson and Silvers were acting within the scope of their employments by the third-party defendant Lance, Inc. The Lance vehicle collided in Tennessee with a vehicle driven by the defendant Bitner, who was alleged to be an employee of both his co-defendants, Taylor and Pet Milk Company, a Delaware corporation.

The plaintiff Roberson sues the defendants Bitner, Taylor and Pet Milk Company. Bitner and Taylor, in turn, impleaded for indemnification the third-party defendant Silvers, alleging he was then and there Lance's agent; and, addi-

tionally, the defendant Pet Milk Company impleaded the third-party defendant Lance, Inc., for indemnification. The third-party defendants Silvers and Lance, Inc., move, respectively, for summary judgments in the aforesaid third-party actions. They allege in the aggregate that the third-party complaints filed against them fail to state claims on which relief can be granted because indemnification against them is barred by prohibitions in the workmen's compensation statutes of North Carolina. This is true, it is insisted, because of (a) the employment relationship subsisting at the time of the accident between the plaintiff Roberson and the third-party defendant Lance, Inc., and (b) the co-employee status subsisting between the plaintiff Roberson and the third-party defendant Silvers at the time of the accident.

■ While the insistences of the third-party defendants arising from these relationships are based on the workmen's compensation statutes of North Carolina, the Tennessee Workmen's Compensation Law, T.C.A. § 50–908 et seq., does not bar these third-party actions if the respective third-party plaintiffs are found to be entitled to indemnity under some substantive right recognized by Tennessee law. General Electric Company v. Moretz, C.A. 4th (1959), 270 F.2d 780, 789–791 [7, 8]. Cf. Atella v. General Electric Company D.C.R.I. (1957), 21 F.R.D. 372; Bowman v. Atlanta Baggage & Cab Company, D.C. Fla. (1959), 173 F.Supp. 282. " * * * The * * * Workmen's Compensation Act does not encompass or limit the rights of third parties against the employer nor is there any reason why it should do so. * * * [The third party] should not be deprived of a right to seek indemnity from one actively responsible for the injury simply because the employee's right to sue the employer is limited by the Workmen's Compensation Act. * * * [The third party] gained nothing by the Workmen's Compensa-

tion Act and, consequently, should not be deprived of a right which [the third party] would have under the * * * law. * * * " Lunderberg v. Bierman, (1954), 241 Minn. 349, 63 N.W.2d 355, 365, 43 A.L.R.2d 865, 877 [13].

■ Confronted with a choice between the laws of North Carolina and Tennessee, this Court must decide whether the substantive law of Tennessee, the forum state, or the compensation statutes of North Carolina are to be applied herein. This is a tort action for damages admittedly arising from an accident which occurred in Tennessee and due allegedly to the negligence of the defendants. Any liability herein, thus, rests on an event which took place in Tennessee. The most significant relationship of the several parties herein is with regard to that accidental occurrence. The relationship of the various parties hereto under the North Carolina compensation statutes are only of collateral concern to such occurrence within Tennessee. Therefore, considering the totality of contacts of this event and the parties with the laws of the two states, the Court concludes that Tennessee, rather than North Carolina, law is applicable in this jurisdiction. Cf. Lowe's North Wilkesboro Hardware, Inc. v. Fidelity Mutual Life Insurance Co., C.A. 4th (1963), 319 F.2d 469. And whether such Tennessee law has been declared by its legislature by statute or decision of its highest court " * * * is not a matter of federal concern. * * * " Erie R. Co. v. Tompkins (1938), 304 U.S. 64, 78, 58 S.Ct. 817, 822, 82 L.Ed. 1188, 1194; see also Hutto v. Benson, C.A. 6th (1954), 212 F.2d 349.

The difference between indemnification, as sought by these third-party plaintiffs, and contribution between or among joint tort-feasors under Tennessee law has been previously delineated by Senior (then Chief) District Judge Leslie R. Darr. In LaFerry v. Ajax Truck Rentals, D.C.Tenn. (1958), 161 F.Supp. 707, Judge Darr characterized Cohen v. Noel,

282

(1933), 165 Tenn. 600, 56 S.W.2d 744, 745, and American Casualty Co. v. Billingsley (1953), 195 Tenn. 448, 260 S.W. 2d 173, as actions for indemnification at law; while he concluded that Davis v. Broad St. Garage (1950), 191 Tenn. 320, 232 S.W.2d 355 and the (now withdrawn) decision in Vaughn v. Gill, (Tenn., 1953), 264 S.W.2d 805 were equity suits for contribution. In Billingsley, the Tennessee court had observed that when the plaintiff Henry obtained judgment against the defendant Billingsley, the question of liability between them thereby was settled; that there was no question of wilfulness involved in the case; and that, while the plaintiff Henry may have been guilty of enough negligence to support a judgment against Henry for damages to the building of the Henleys, in so far as the defendant Billingsley was concerned in the original action, the plaintiff Henry had been guilty therein of only passive negligence. Cf. Huggins v. Graves, D.C.Tenn. (1962), 210 F.Supp. 98.

■ Accordingly, it appears that the third-party plaintiffs enjoy in this court a right to indemnification from the third-party defendants if it should develop on the trial hereof that any negligence of the third-party defendant Silvers was active and not wilful. Cohen v. Noel, supra; American Casualty Co. v. Billingsley, supra; LaFerry v. Ajax Truck Rentals, supra.

■■ The movants are not entitled to summary judgment as a matter of law if there is any genuine issue among the parties as to any material fact. Rule 56 (c), Federal Rules of Civil Procedure. Obviously, the relative degree of any negligence on the parts of the third-party defendant Silvers and the defendant Bitner cannot be ascertained in advance of an adjudication by the trier of facts herein, American Casualty Co. v. Billingsley, supra; and the motions by the third-party defendants Silvers and Lance, Inc., are being overruled in orders being filed contemporaneously herewith.