Mildred P. SMITH, as surviving widow of
Wayne E. Smith

v.

ILLINOIS CENTRAL RAILROAD
COMPANY

v.

CENTRAL SOYA COMPANY, Inc.

Civ. A. No. 4594.

United States District Court
E. D. Tennessee, S. D.

Jan. 19, 1967.

Harber & Bryan, Chattanooga, Tenn.,
Sam D. Hewlett, Jr., Atlanta, Ga., for
plaintiff.

Bishop, Thomas, Leitner, Mann & Milburn, for defendant and third-party
plaintiff.

Strang, Fletcher, Carriger & Walker,
Chattanooga, Tenn., for third-party defendant.

## OPINION

FRANK W. WILSON, District Judge.

This case is before the Court upon the
motion of the third-party defendant,
Central Soya Company, Inc., for a judgment notwithstanding the verdict. The
original action was commenced as a
wrongful death suit in which the plaintiff, Mildred P. Smith, sought to recover
of the defendant, Illinois Central Railroad Company, for the death of her husband, Wayne E. Smith. Mr. Smith died
of injuries received when a railroad boxcar door fell upon him as he was in the

process of attempting to open the door to unload soy beans from the car. Illinois Central Railroad Company brought a third-party action against Central Soya Company, Inc., contending that should it be held liable unto the plaintiff, it would be entitled to recover indemnity or contribution from Central Soya Company as a joint tortfeasor.

On the trial of the case the jury returned a verdict for the plaintiff, Mildred Smith, and against the defendant, Illinois Central Railroad Company, in the sum of $140,000.00 as damages for the wrongful death of Wayne E. Smith. In the third-party action, the jury found that while Illinois Central Railroad Company was not entitled to recover indemnity from Central Soya Company, it was entitled to recover contribution, Central Soya Company having been found by the jury to have been a joint tort feasor along with Illinois Central Railroad Company. The jury fixed such contribution in the sum of $35,000.00 upon a comparative negligence basis. In the original action, Illinois Central Railroad Company has itself filed a motion for a judgment notwithstanding the verdict or in the alternative for a new trial. This motion, however, is not presently before the Court.

The present motion for judgment notwithstanding the verdict filed upon behalf of Central Soya Company in the third-party action is based upon the contention that no contribution would lie as between Illinois Central Railroad Company and Central Soya Company because of the Tennessee Workmen's Compensation Act. That an action for indemnity or contribution may lie in Tennessee as between joint tort feasors has previously been decided by this Court. See Huggins v. Graves, (D.C.1962) 210 F.Supp. 98; Chamberlain v. McCleary, (D.C. 1963) 217 F.Supp. 591. It is contended by Central Soya Company that since Wayne E. Smith was an employee of Central Soya Company and died of injuries received in the course of his employment, its exclusive liability for the death of Smith would be under the Tennessee Workmen's Compensation Act and no action for contribution upon the ground that it was a joint tort feasor would lie. It appears undisputed from the evidence in the case that Wayne E. Smith died from injuries received in the course of his employment by Central Soya Company. It further appears undisputed that Central Soya Company was, at the time, operating under the Tennessee Workmen's Compensation Law and that it has paid workman's compensation benefits unto the widow, Mildred P. Smith, in the total sum of $5,923.68 as of the date of the trial of this case. It is continuing to make such payments at the rate of $36.00 per week.

The issue here presented does not appear to have been ruled upon by the Tennessee courts. The majority of cases from other jurisdictions have ruled against any right upon the part of a tort feasor to recover either indemnity or contribution from an employer alleged to have been a joint tort feasor but whose liability to the injured party is limited to the benefits due under the terms of the Workmen's Compensation Act. Husted v. Consumers Power Co. v. Hertel Deyo Co., 376 Mich. 41, 135 N.W.2d 370 (1965); Trammell v. Appalachia Electric Co-op., (E.D.Tenn., 1955) 135 F.Supp. 512; see also 18 Am.Jur.2d, "Contribution", Sec. 48 and Annotation 53 A.L.R.2d 977. The rationale of many cases following the majority rule appears to be that no right of contribution will lie against the employer in favor of a third-party tort feasor, since there is no common obligation or common liability to the injured party as between the employer and the tort feasor. The majority rule and the reasoning behind the same have been stated by Larson in his work on Workman's Compensation Law, Sec. 76.21, p. 230, as follows:

"The great majority of jurisdictions have held that the employer whose concurring negligence contributed to the employee's injury cannot be sued or joined by the third party as a joint tort feasor, whether under contribution statutes or at common law. The

ground is a simple one: the employer is not jointly liable to the employee in tort; therefore he cannot be a joint tort feasor. The liability that rests upon the employer is an absolute liability irrespective of negligence, and thus the only kind of liability that can devolve upon him whether he is negligent or not. The claim of the employee against the employer is solely for statutory benefits; his claim against the third person is for damages. The two are different in kind and cannot result in a common liability."

■ This Court has previously recognized that the basis for allowing contribution between joint tort feasors is the existence of a common liability between the joint tort feasors to the injured party and that in the absence of such common liability no contribution would lie. See Chamberlain v. McCleary, (D.C. 1963) 217 F.Supp. 591, wherein this Court held that a marital immunity on the part of an alleged joint tort feasor would prevent any right of contribution from arising.

Section 50–908 of the Tennessee Code expressly provides that the employee's remedies under the Workmen's Compensation Law "shall exclude all other rights and remedies of such employee, his personal representative, dependents, or next of kin, at common law or otherwise, on account of such injury or death."

The Tennessee Supreme Court in Liberty Mutual Insurance Co. v. Stevenson, 212 Tenn. 178, 368 S.W.2d 760 (1963), stated with regard to this section that:

"This Act constitutes a complete substitute for previous remedies in tort on the part of an employee * * * The Legislature has made the rights of the employee and employer the exclusive remedy * * *"

■ Although the Tennessee courts do not appear to have ruled upon the issue now before the Court, there have been decisions in federal courts construing Tennessee law upon somewhat analogous issues. In Trammell v. Appalachia Electric Co-op, (E.D.Tenn., 1955) 135 F.Supp. 512, the effect of the Tennessee Workmen's Compensation Law upon a third-party action for indemnity was raised, but the suit there was upon an alleged contract of indemnity and the Court found that no such contract existed. Accordingly, the Court made no ruling upon the effect of the Workmen's Compensation Act except to state by way of dicta that no equitable action for indemnity may be prosecuted under the federal third-party procedure. In General Electric Co. v. Moretz, (C.A.4, 1959) 270 F.2d 780, the Court, finding an express contract of indemnity, ruled that the Tennessee Workmen's Compensation Law would not prevent enforcement of that contract in an action by a tort feasor against the employer where the tort feasor had previously been found liable for injury of an employee. A result contrary to the general rule appears to have been reached by the Court in the case of Roberson v. Bitner, (E.D.Tenn., 1963) 221 F.Supp. 279. Although contribution was not there involved, the Court held that the Tennessee Workmen's Compensation Law would not bar a third-party action for indemnity between joint tort feasors where such indemnity arises out of the active-passive negligence rule followed in Tennessee. In reaching this conclusion the Court relied upon cases involving indemnity which arose not by reason of the parties being joint tort feasors, but either by reason of a contract of indemnity between the parties [General Electric Co. v. Moretz, (C.A.4, 1959) 270 F.2d 780] or by reason of indemnity arising by operation of law, as in a case involving imputed negligence [Bowman v. Atlanta Baggage & Cab. Co., (D.C.Fla., 1959) 173 F.Supp. 282; Lunderberg v. Bierman, 241 Minn. 349, 63 N.W.2d 355, 43 A.L.R.2d 865 (1954)]. A holding that an action for indemnity between joint tort feasors, based upon the active-passive negligence rule, is not barred by the Workmen's Compensation Act would not appear to be supported by cases where indemnity was based upon express contract or arose by operation of law, as where negligence is imputed to the party seeking indemnity. Where in-

demnity arises from express contract, or from imputed negligence, the right to such indemnity does not depend upon the existence of a common liability to the injured party. It is the existence of a common liability that is affected by the Workmen's Compensation Law. Moreover, the effect of the Workmen's Compensation Act upon the right of indemnity between a tort feasor and an employer, which right of indemnity arises either by reason of contract of indemnity or by reason of the operation of the law, as in the case of imputed negligence, is clearly distinguishable from an action for contribution between joint tort feasors, where the right of contribution arises from the joint liability to the injured party. As stated by the Court in the *Lunderberg* case, supra,

"We believe, however, that the better reasoning is to be found in the cases permitting such recovery where the entire liability of the party seeking indemnity rests upon a law imputing to such party the negligence of another. Cases involving the right to contribution are not in point, for there the whole doctrine of contribution rests upon a finding that there is joint liability to the injured party. Where there is no joint liability, there is no right of contribution."

 The Court is accordingly of the opinion that no right of contribution exists in favor of the third person tort feasor against an employer of the person injured or killed where the employer would have no tort liability unto the injured or killed employee because of the provisions of the Workmen's Compensation Act. This is so even though the employer's wrongful act may have contributed to the employee's injury or death. The Tennessee Workmen's Compensation Act, by providing an exclusive remedy between the employer and employee, does away with any tort liability upon the part of the employer. With the tort liability eliminated, the employer cannot be a joint tort feasor. Thus, no common liability in tort can exist. In the absence of a common liability to the injured party up-

on the part of the tort feasor and the employer, no right of contribution against the employer can exist. It being undisputed in the present case that the liability of Central Soya Company unto its employee, Wayne E. Smith, was limited to the remedies provided under the Tennessee Workmen's Compensation Act, Central Soya Company could not be held liable for contribution unto Illinois Central Railroad Company.

That an inequity results from this conclusion is recognized by the Court, for not only is the tort feasor in this case, Illinois Central Railroad Company, required to bear the full burden of the tort liability where, but for the Workmen's Compensation Act, a joint tort feasor would be required to share that burden, but by virtue of the subrogation right of the employer under the Workmen's Compensation Act (§ 50–914, T.C.A.) the employer is permitted to share in the injured employee's recovery to the extent of any compensation benefits paid by the employer. Thus, the Workmen's Compensation Act has the effect not only of barring any liability on the part of the employer for contribution, but also of permitting the employer to recover by way of subrogation any workman's compensation benefits paid. The inequity of this result has been recognized by the courts of the State of Pennsylvania and contribution has there been permitted to the extent of the employer's liability under the Compensation Act. See Maio v. Fahs, (1940) 339 Pa. 180, 14 A.2d 105; Brown v. Dickey, 397 Pa. 454, 155 A.2d 836; Stark v. Posh Construction Co., 192 Pa.Super. 409, 162 A.2d 9. These decisions, however, involve the interpretation of a Joint Tort Feasor Act as well as the Workmen's Compensation Act. No legislation corresponding to the Joint Tort Feasor Act exists in Tennessee, the right to contribution being a matter of common law only. If the employer's subrogation rights under the Workmen's Compensation Law are to be modified or limited, it would appear that this must be done by the Legislature and not by the courts.

The motion of Central Soya Company for judgment n. o. v. is accordingly sustained. The entry of an order dismissing the third-party action, however, will await the action of the Court upon the motion of Illinois Central Railroad Company for judgment n. o. v. or new trial.