**Warren NIECE, a minor, by and through Jim Niece, his father and next friend, and Jim Niece, individually, Plaintiffs,**

**v.**

**SEARS, ROEBUCK & CO., Defendant and Third-Party Plaintiff,**

**v.**

**WESTINGHOUSE ELECTRIC CORPORATION, Third-Party Defendant.**

**Civ. No. 68–C–50.**

United States District Court
N. D. Oklahoma.

Nov. 14, 1968.

Thomas R. Brett, of Hudson, Wheaton & Brett, Tulsa, Okl., for plaintiff.

David R. Milsten, of Milsten, Milsten & Morehead, Tulsa, Okl., for defendant and third-party plaintiff.

Donald G. Hopkins, of Rucker & Tabor, Tulsa, Okl., for third-party defendant.

## ORDER

DAUGHERTY, District Judge.

Sears as Third-Party Plaintiff alleges alternative causes of action against Westinghouse, the Third-Party Defendant in the Third-Party Complaint. Westinghouse has moved to Dismiss the Third-Party Complaint. In the first cause of action, apparently under a theory of indemnity, Sears states that any injury to Plaintiff was caused by the sole negligence of Westinghouse, and if Plaintiff recovers a judgment from Sears because of such negligence, then Westinghouse is liable to Sears. The second cause of action is based on Westinghouse's alleged breach of its contract of maintenance which it had with Sears at the time of the accident.

Westinghouse takes the position in its Motion to Dismiss that Sears has failed to state a claim against it. It is axiomatic that the Court must take Sears' allegations against Westinghouse as true in the disposition of the Motion to Dismiss. See Tomko v. City Bank Farmers Trust Co., 3 F.R.D. 31 (D.C.N.Y.1943), a case very similar to the instant one.

The rule regarding indemnity has been most recently stated in Porter v. Norton-Stuart Pontiac-Cadillac of Enid, 405 P.2d 109 (Okl.1965), where the court quoted from 27 Am.Jur. Indemnity § 18 (repeated in substance in 41 Am.Jur.2d Indemnity § 20, p. 707–708):

"* * * one constructively liable for a tort is generally held entitled to indemnity from the actual wrongdoer, regardless of whether liability is imposed on the person seeking indemnity by statute or by rule of the common law, and irrespective of the existence of an express contract to indemnify. Accordingly, it has been stated that a person who, without fault on his own part, has been compelled to pay damages occasioned by the primary negligence of another is entitled to indemnity from the latter, whether contractual relations exist between them or not." 405 P.2d at p. 113.

This rule has been long recognized by the Tenth Circuit. Staples v. Central Surety & Ins. Corporation, 62 F.2d 650 (10 Cir. 1932). It was stated:

"It is a well-recognized rule, supported by a great weight of authority,

that, where one has been subjected to liability, and has suffered loss thereby, on account of the negligence or wrongful act of another, the one has a right of action against the other for indemnity." 62 F.2d at p. 653.

Thus, it is clear that Sears has a properly stated claim for indemnity under its first cause of action against Westinghouse.

■■ As to the second cause of action, it appears to the Court that Sears has properly stated a claim for breach of contract. Westinghouse argues that Sears has no proof of a breach of contract by reason of any negligence of Westinghouse. This is immaterial. The function of a motion to dismiss is to test the law of a claim, not the facts which support it. The facts will be tested at trial.

■ Westinghouse further claims that as Sears has not incurred a judgment, it has suffered no damages and thus has no claim against Westinghouse. This contention ignores the express language of the impleader rule, Rule 14(a), F.R.Civ.P., 28 U.S.C.A.:

"* * * a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him."

It is not necessary that a third-party plaintiff wait until judgment be rendered against him in order to implead a third-party defendant. Chamberlain v. McCleary, 217 F.Supp. 591 (D.C.Tenn. 1963); Huggins v. Graves, 210 F.Supp. 98 (D.C.Tenn.1962); La Ferry v. Ajax Truck Rentals, 161 F.Supp. 707 (D.C. Tenn.1958). The contingent right, if any, of a third-party plaintiff for recovery against a third-party defendant arises at the same time plaintiff's right of recovery arises, and the method of enforcing that right is procedural. La Ferry v. Ajax Truck Rentals, supra. In addition, the Court has power to order separate trials for the protection of Westinghouse should circumstances warrant. Rule 42(b), F.R.Civ.P., 28 U.S.C. A.

It follows that Third-Party Defendant's Motion to Dismiss Third-Party Plaintiff's Complaint is not well taken and the same is hereby denied.