**UNION CARBIDE CORPORATION**

v.

**DUNN BROTHERS GENERAL CON-
TRACTORS, INC.**

Civ. No. 673.

United States District Court
M. D. Tennessee,
Columbia Division.

Dec. 20, 1968.

Frank C. Gorrell and T. G. Pappas, Nashville, Tenn., for plaintiff.

Lon P. MacFarland and Edward C. Blank, II, Columbia, Tenn., for defendant.

## MEMORANDUM

FRANK GRAY, Jr., District Judge.

By order entered December 11, 1968, the court made certain rulings on a motion for summary judgment filed by defendant. This memorandum sets forth the court's reasoning which resulted in that order.

The facts giving rise to this litigation can be stated briefly. Plaintiff, a New York corporation which has its principal place of business in New York, entered into a contract with the defendant, a Tennessee corporation located in Columbia, Tennessee, on December 9, 1963, calling for the erection, by defendant, of certain steel support platforms for air tempering units in the Coal Mill Mix Building at plaintiff's Columbia plant. On December 18, 1963, after defendant had been at work only a few days, an explosion occurred in the area of these air tempering units which resulted in the death of three of defendant's employees. The widows of these deceased employees brought suits against the plaintiff in this court in 1964. These suits were dismissed by order of the court after the parties thereto had entered into an agreed settlement.[1]

In this action plaintiff seeks to be indemnified for the amount paid in settlement of these three suits, and for the reasonable expenses incurred therein, or, in the alternative, plaintiff seeks contribution from the defendant for some portion of these amounts. Since all of the events and transactions relevant to this action took place in Tennessee, Tennessee law is determinative of the rights of the parties.

In its complaint, plaintiff relies on two basic causes of action, one grounded in

[1]. Higgins v. Union Carbide Corporation (Columbia Civil No. 589); Bailey v. Union Carbide Corporation (Columbia Civil No. 592); Gray v. Union Carbide Corporation (Columbia Civil No. 593).

tort and the other in contract. Defendant's motion for summary judgment which was ruled on by the order of December 11, 1968, raised certain issues which are discussed under appropriate headings below as they relate to the two causes of action stated in the complaint.

■ 1. *Tort Liability of the Defendant.*—In the second count of its complaint, plaintiff contends that it is entitled to indemnity or contribution because of the negligence of the defendant in performing its work under the contract, which negligence plaintiff alleges to be the proximate cause of the accident resulting in the deaths of defendant's three employees. In the alternative, plaintiff asserts that it is entitled to indemnification under the active-passive negligence rule followed in Tennessee.[2] On the other hand, defendant maintains that it is shielded from common law liability for injuries to its employees by the provisions of the Tennessee Workmen's Compensation Act, T.C.A. §§ 50–901 et seq.

■ It appears now to be settled in Tennessee that one tortfeasor may recover indemnity or contribution from his co-tortfeasor. Davis v. Broad Street Garage, 191 Tenn. 320, 232 S.W.2d 355 (1950); Huggins v. Graves, 210 F.Supp. 98 (E.D.Tenn.1962). The Tennessee courts have not considered the question of whether such contribution or indemnity is available against an employer whose alleged negligence has caused injury to his employee, where the employer is required to provide benefits to the employee under the Workmen's Compensation Act. However, the question has been presented in two United States District Court cases in Tennessee which seem to have reached contradictory results.

The first such case is Roberson v. Bitner, 221 F.Supp. 279 (E.D.Tenn.1963). There a third-party plaintiff sought indemnification from the third-party defendant employer on the basis of the active-passive negligence rule. Rejecting the employer's contention that it was shielded from such liability by the Workmen's Compensation Act, the court denied the employer's motion for a summary judgment, holding that the employer would be required to make such indemnity if the evidence established that his negligence was "active" within the meaning of the active-passive negligence rule.

In Smith v. Illinois Central Railroad Co., 263 F.Supp. 70 (E.D.Tenn.1967), the court held that the Workmen's Compensation Act precluded an action against the employer for contribution as a joint tortfeasor. The court reasoned that the basis for the right of contribution is the common liability shared by the co-tortfeasors. Since the employer, by virtue of the Act, is not liable to his employee in tort, the court found that the requisite common liability was not present and that the employer, therefore, was not liable for contribution. The court distinguished the decision in the *Roberson* case on the ground that the cases relied on there had based indemnification either on the express contractual undertaking of the employer or on liability which devolved upon the employer by the operation of law, and that, thus, these cases were not applicable where indemnification is sought on the basis of the employer's negligence.

■ Upon careful consideration of these precedents, the court is of the opinion that the *Smith* case states the preferable rule, and the rule which is applicable to the case now before the court.

---

2. The active-passive negligence rule was established in the case of Cohen v. Noel, 165 Tenn. 600, 56 S.W.2d 744 (1933). Simply stated, the rule provides that where one tortfeasor has been guilty of affirmative or active negligence creating an unreasonable risk of injury, and the other tortfeasor has been guilty only of passive negligence, the second tortfeasor, compelled to pay damages to a third person, may have indemnity of the first tortfeasor.

The purpose of the Workmen's Compensation Act is to provide the employee with compensation for injuries sustained in the course of his employment, without imposing upon him the burden of establishing liability under traditional negligence principles. The remedy provided by the Act excludes "all other rights and remedies of such employee, his personal representative, dependents, or next of kin, at common law or otherwise * *." T.C.A. § 50–908. The burden of providing this compensation is placed on the employer, on whom liability is imposed irrespective of the presence or absence of fault on his part. Although strict liability is imposed, the extent of such liability is limited by the Act to the benefits prescribed therein. See T.C.A. §§ 50–1001 et seq. In the opinion of the court, the employer's liability cannot be extended beyond these prescribed benefits in the absence of an express contractual undertaking by the employer[3] or an independent liability arising by operation of law. By virtue of the Act, therefore, the employer is not liable in tort for injuries sustained by his employees in the course of their employment, whether such liability is sought to be imposed by an action for contribution from a joint tortfeasor or by an action for indemnity under the Tennessee active-passive negligence rule. Accordingly, the defendant's motion for summary judgment was sustained in the order of December 11, 1968, as to the allegations of tort liability contained in the second count of the complaint.

2. *Contractual Liability of the Defendant.*—In the first count of the complaint, plaintiff seeks indemnity based upon the contractual obligations, both expressed and implied, assumed by the defendant in the contract of December 9, 1963. The contract does not contain an express promise to indemnify. In the absence of such provision plaintiff relies on two other allegations of contractual liability.

First, plaintiff contends that it is entitled to indemnity because of the defendant's breach of an implied obligation of indemnity. In support of this contention plaintiff relies on the case of Ryan Stevedoring Company v. Pan-Atlantic Steamship Corporation, 350 U.S. 124, 76 S.Ct. 232, 100 L.Ed. 133 (1956). There the Supreme Court held that an implied obligation to indemnify a shipowner for payments made to injured employees arose from the employer's agreement to perform all of the stevedoring operations of the shipowner, on the ground that this necessarily included an obligation by the employer to perform these operations safely and properly.

Defendant contends that, in Tennessee, an obligation to indemnify such as that found by the court in *Ryan* cannot be implied from a contract unless the contract clearly indicates that the parties intended that such an obligation be imposed. Specifically, defendant relies on Buckeye Cotton Oil Co. v. Louisville & Nashville Railroad Co., 24 F.2d 347 (6th Cir. 1928), Kroger Co. v. Giem, 215 Tenn. 459, 387 S.W.2d 620 (1964), and Brogdon v. Southern Railway Co., 253 F.Supp. 676 (E.D.Tenn.1966). Upon consideration of these decisions, the court is of the opinion that a clear and unequivocal expression of the intention to indemnify is required under Tennessee law.

The contract involved herein has been examined, and, upon consideration, the court is of the opinion that the requisite expression of an intention to provide for indemnification is not con-

---

3. Defendant does not contend that the Workmen's Compensation Act shields it from liability based on breach of contract. The Tennessee courts have not considered the question; however, the Fourth Circuit in General Electric Co. v. Moretz, 270 F.2d 780 (4th Cir. 1959), applying Tennessee law, has held that the exclusive remedy provided by the Tennessee Workmen's Compensation Act does not protect the employer from liability for indemnity to a third party arising out of injuries to the employees of the employer, where the employer has undertaken an express contractual obligation to make such indemnity.

tained therein.[4] Therefore, defendant's motion for summary judgment was sustained as to that part of the first count of the complaint which alleges a cause of action based upon an expressed or implied promise by the defendant to indemnify the plaintiff for expenditures of the type involved herein.

 A second basis for imposing contractual liability upon the defendant is provided by the allegations of the complaint whereby plaintiff contends that defendant breached express provisions of the contract and is thereby liable to the plaintiff in damages. Although the result of the successful maintenance of a suit based on these allegations would be to allow the plaintiff to recover what is essentially equivalent to indemnity, the court is of the opinion that the rules concerning indemnity discussed elsewhere in this memorandum should not be applied to deny the plaintiff the opportunity of establishing a case on this ground. However, in order for plaintiff to obtain indemnity in this way, the evidence must establish that defendant's breach of contract was the direct and proximate cause of the damages which plaintiff has allegedly sustained, without concurring or contributing fault on the part of the plaintiff. In the opinion of the court, such a limitation on the plaintiff's right to recover is compelled by the following language of the Tennessee Supreme Court in Kroger Co. v. Giem, supra:

"* * * that it is nearly a universal rule that there can be *no recovery where there was concurrent negligence of both indemnitor and indemnitee* unless the indemnity contract provides for indemnification in such case by 'clear and unequivocal terms;' and general words will not be

4. The contract between the parties is a standard form construction contract of the plaintiff which was modified to apply to the specific agreement involved herein. The form contract normally contains a provision obligating the contractor (here the defendant) to indemnify plaintiff for

read as expressing such an intent." 387 S.W.2d at 626 (emphasis added). The few cases which have considered this problem seem, likewise, to have concluded that contributing fault of the plaintiff will preclude recovery on this basis. See Annot., 97 A.L.R.2d 616, 625–626 (1964).

Accordingly, the court concluded that defendant's motion for summary judgment should be denied only as to those allegations of the complaint by which plaintiff seeks to recover damages for defendant's alleged breach of specific provisions of the contract of December 9, 1963. In all other respects, the court concluded the motion must be sustained.

any liability which plaintiff might incur as a result of injuries to the contractor's employees. In this contract, however, this provision was specifically deleted by a superseding provision on the face of the agreement.