Dorothy McCOY, Plaintiff,

v.

WEAN UNITED, INC., et al., Defendants
and Third-Party Plaintiffs,

v.

LEAR SIEGLER, INC., Third-
Party Defendant.

Gerald C. GREENE, Plaintiff,

v.

WEAN UNITED, INC., et al., Defendants
and Third-Party Plaintiffs,

v.

LEAR SIEGLER, INC., Third-
Party Defendant.

Civ. A. Nos. 3098, 3099.

United States District Court,
E. D. Tennessee,
Northeastern Division.

April 25, 1974.

Gary E. Brewer, Morristown, Tenn.,
for plaintiff.

G. P. Gaby, and James W. Fletcher,
Greeneville, Tenn., and Richard M. Cur-
rie, Jr., Kingsport, Tenn., for defendants.

## MEMORANDUM OPINION
## AND ORDER

NEESE, District Judge.

The respective plaintiffs Ms. McCoy
and Mr. Greene, employees at the perti-
nent times of the third-party defendant
Lear Siegler, Inc. (Lear), sued the de-
fendants Wean United, Inc. and Harts-
ford Manufacturing Corporation, Sear-
jent Safety Products Division, in prod-
ucts liability actions. 28 U.S.C. §
1332(a)(1), (c). Such aforenamed de-
fendants impleaded the third-party de-
fendant Lear for indemnification. Rule
14(a), Federal Rules of Civil Procedure.
Lear moved for a summary judgment,
on the ground that the respective plain-
tiffs and Lear were bound by the provi-
sions of the Tennessee Workmen's Com-
pensation Law, T.C.A. § 50–901 et seq.,
and that T.C.A. § 50–908 bars these
third-party actions, by making the
rights and remedies granted to the
plaintiffs, while subject to such compen-
sation statutes, on account of personal
injury by accident, the exclusive remedy.

It is conceded in briefs by the
parties that T.C.A. § 50–908 has not
been construed by the appellate courts of
Tennessee in the instant context. It is
the duty of federal courts sitting in

Tennessee in diversity actions to apply the law which a state court would apply if it were sitting, West v. American Teleph. & Teleg. Co. (1941), 311 U.S. 223, 237, 61 S.Ct. 179, 183, 85 L.Ed. 139, 144 (headnote 3). Where there is apparently no pertinent precedent established by the state courts, federal courts have " * * * a duty to anticipate the law which would be applied. * * * " Cordell v. Detective Publications, Inc., D.C.Tenn. (1968), 307 F.Supp. 1212, 1214–1215[1], affirmed C.A.6th (1969), 419 F.2d 989, esp. 990, cited in City of Kingsport v. SCM Corporation, D.C. Tenn. (1972), 352 F.Supp. 288, 290[2].

There appear to be three decisions by federal courts sitting in Tennessee which have undertaken to anticipate the ruling of the appellate courts of Tennessee. The earliest of these is Roberson v. Bitner, D.C.Tenn. (1963), 221 F.Supp. 279. In an opinion by the author of this opinion, it was held that the Tennessee Workmen's Compensation Law does not bar third-party actions if the respective third-party plaintiffs are found to be entitled to indemnity under some substantive right recognized by Tennessee law. *Ibid.*, 221 F.Supp. at 281[1]. Four years afterward, (now Chief) Judge Frank W. Wilson, of the Eastern District of Tennessee, declined to follow *Roberson, supra.* Smith v. Illinois Central Railroad Company, D.C.Tenn. (1967), 263 F.Supp. 70, 72. The following year, (now Chief) Judge Frank Gray, Jr., of the Middle District of Tennessee, reviewing the two aforementioned precedents, opted for the *Smith, supra,* rule. Union Carbide Corp. v. Dunn Bros. General Contractors, Inc., D.C.Tenn. (1968), 294 F.Supp. 704, 706–707[4–8]. No appeal appears to have been taken from any of those adjudications.

 As it is the duty of each of such courts to apply the law which a state court would apply, and, in the absence of a state precedent, to anticipate what the state courts' ruling would be; and, as two federal court judges sitting in Tennessee have adopted the *Smith, supra,* rule, the desirability for uniformity of decisional rule prompts the Court to overrule its decision in *Roberson, supra.*

Concluding now, therefore, that Tennessee courts would hold that the Tennessee Workmen's Compensation Law, T.C.A. § 50–908, bars these third-party actions, the motion of the third-party defendant Lear Siegler, Inc. for a summary judgment* hereby is GRANTED, and the third-party claims of the third-party plaintiffs Wean United, Inc. and Hartsford Manufacturing Corporation, Searjent Safety Products Division, hereby are dismissed.

---

* Although the result is the same, this Court treats the motion of the third-party defendants for a summary judgment, Rule 56(b), Federal Rules of Civil Procedure, as a motion to dismiss for failure to state a third-party claim on which relief can be granted, Rule 12(b)(6), Federal Rules of Civil Procedure.