498 F.2d 921
 Jerry DAWN et ux., Plaintiffs, United States Fidelity and
Guaranty Company and Eastman Kodak Company,
Intervening Plaintiffs,
v.
ESSEX CONVEYORS, INC., Appellant.
PROCESS EQUIPMENT ENGINEERING COMPANY, INC., Appellant,
v.
TENNESSEE EASTMAN COMPANY, a Division of Eastman Kodak
Company, Appellee.
 Nos. 73-2174 through 73-2179.
 United States Court of Appeals, Sixth Circuit.
 Argued April 12, 1974.
Decided June 20, 1974.
 
 Ernest F. Smith, Kingsport, Tenn., for appellants.
 M. Lacy West, Charlton R. DeVault, Jr., Kingsport, Tenn., on brief, for Essex Conveyors, Inc.
 Edwin L. Treadway, F. Allan Kelly, John P. Chiles, Kingsport, Tenn., on brief, for Process Equipment Engineering Co., Inc.
 H. E. Wilson, Kingsport, Tenn., on brief, for appellee.
 Before PECK and McCREE, Circuit Judges, and CECIL, Senior Circuit judge.
 JOHN W. PECK, Circuit Judge.
 
 
 1
 The appeals in this diversity case arose out of a products liability action to recover damages for personal injuries sustained by an employee in a Tennessee industrial accident that occurred in 1970. The plaintiffs, Jerry Dawn, and his wife, Wanda Dawn, filed a complaint against Essex Conveyor, Inc. (hereinafter 'Essex') and Process Equipment Engineering Company, Inc. (hereinafter 'Process'), appellants herein, alleging that they negligently designed and manufactured a 'senior skip hoist dumper' used by Mr. Dawn's employer, Tennessee Eastman Company (hereinafter 'Eastman') in its Kingsport, Tennessee plant, and that due to the alleged faulty design and manufacture, the dumper portion of the hoist fell on and grievously injured Dawn.
 
 
 2
 Essex and Process responded by filing general denials. The Eastman Kodak Company (Eastman's parent corporation) and its compensation insurance carrier filed an intervening complaint against Essex and Process to protect their statutory subrogation rights against any recovery by the plaintiffs in order to recoup the value of workmen's compensation benefits paid on Eastman's behalf. Appellants filed third-party complaints against Eastman for indemnity on the theory of active-passive negligence under the law of Tennessee, but the district court, by order entered March 19, 1973, dismissed the third-party complaints. Appellants moved the court to alter and amend that order to permit an immediate appeal, but the court did not act on the motion. Subsequently, they filed cross-claims against each other and counterclaims against Eastman for indemnity. By order of September 6, 1973, the district court entered judgment on the pleadings in favor of Eastman on the counterclaims.
 
 
 3
 The main action involving the Dawns' claim against Essex and Process and the cross-claims between the appellants came on for jury trial in October 1973. Eastman did not participate in the proceedings. After eight days of trial, the litigants announced to the court that a settlement of all claims and cross- claims had been reached, but that the agreement did not affect any possible third-party actions or counterclaims against Eastman.
 
 
 4
 Appellants requested that the court make final its March 19 and September 6 orders. The court, after noting that the third-party complaints and counterclaims had been disposed of by the above orders, and that all other claims and cross-claims had been settled, determined that 'all the respective claims as to all the parties . . . have been finally determined or otherwise disposed of,' and entered final judgment. Essex and Process each perfected separate appeals from the March 19 and September 6 orders, and from the final judgment. All six separately docketed appeals involve the same issue, were consolidated in the briefs and on oral argument, and will be considered as one herein.
 
 
 5
 The issue before us in simply stated: Can an employer who has paid an injured employee benefits due under the Tennessee Workmen's Compensation Law, T.C.A. 50-901 et seq., be liable for indemnity to a third-party tortfeasor under the Tennessee active-passive negligence doctrine?
 
 
 6
 In this diversity action our answer to the above question must be formulated in accord with the dictates of Tennessee law. Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). Unfortunately, no Tennessee appellate court has addressed itself to this issue, leaving for us the task of trying to determine what result would be reached by a Tennessee appellate court if it were deciding this case. West v. American Telephone & Telegraph Co., 311 U.S. 223, 61 S.Ct. 179, 85 L.Ed. 139 (1941). We are not, however, without guidance in this endeavor. This question has been the topic of discussion in at least three case notes in the Tennessee or Vanderbilt Law Reviews.[1] Other jurisdictions have wrestled with this or similar issues.[2] And finally, there have been four opinions rendered by federal district courts sitting in Tennessee (not including the decision in the instant case) which have undertaken to anticipate the ruling of the appellate courts of Tennessee on this question.
 
 
 7
 The holdings in the first three district court cases referred to above were summarized in the latest decision, from which we quote at some length.
 
 
 8
 'The earliest of these (decisions) is Roberson v. Bitner, D.C.Tenn. (1963), 221 F.Supp. 279. In an opinion by the author of this opinion, it was held that the Tennessee Workmen's Compensation Law does not bar third-party actions if the respective third-party plaintiffs are found to be entitled to indemnity under some substantive right recognized by Tennessee law. Ibid., 221 F.Supp. at 281 (1). Four years afterward, (now Chief) Judge Frank W. Wilson, of the Eastern District of Tennessee, declined to follow Roberson, supra. Smith v. Illinois Central Railroad Company, D.C.Tenn. (1967), 263 F.Supp. 70, 72. The following year, (now Chief) Judge Frank Gray, Jr., of the Middle District of Tennessee, reviewing the two aforementioned procedents, opted for the Smith, supra, rule. Union Carbide Corp. v. Dunn Bros, General Contractors, Inc., D.C.Tenn. (1968), 294 F.Supp. 704, 706-707 (4-8). No appeal appears to have been taken from any of those adjudications.' McCoy v. Wean United Inc., Civil Actions Nos. 3098 & 3099 (E.D.Tenn., filed April 25, 1974).
 
 
 9
 In McCoy, Judge Charles Neese chose to overrule his earlier Roberson decision and to follow the Smith and Union Carbide opinions. He did so because he concluded that 'Tennessee courts would hold that the Tennessee Workmen's Compensation Law, T.C.A. 50-908, bars . . . third-party actions . . ..' McCoy, supra. For reasons hereinafter appearing, we reach the same conclusion.
 
 
 10
 The district court in the instant case dismissed the third-party complaints and counterclaims for indemnity because appellants would be unable to meet the requirements of the active-passive negligence doctrine advanced as the basis for Eastman's liability. This doctrine, the court noted, required that appellants prove, among other things, that their own negligence was only passive and that they shared, with Eastman, a common tort liability to plaintiffs. The court was of the opinion that these burdens could not be met because (1) any judgment against appellants arising from allegations of plaintiffs' complaint would necessarily involve more than passive negligence, and (2) under Tennessee law (Workmen's Compensation Law) Eastman was not liable to plaintiffs in tort and thus no common tort liability could exist. We express no opinion as to the validity of the district court's first theory, but we are in accord with the rationale expressed in the second.
 
 
 11
 The Tennessee Workmen's Compensation Law, like similar compensation laws in other states, replaced with statutory benefits all common law rights an injured employee might have had against his employer for work related injuries. T.C.A. 50-908 provides as follows:
 
 
 12
 'Right to compensation exclusive.-- The rights and remedies herein granted to an employee subject to the Workmen's Compensation Law on account of personal injury or death by accident, including a minor whether lawfully or unlawfully employed, shall exclude all other rights and remedies of such employee, his personal representative, dependents, or next of kin, at common law or otherwise, on account of such injury or death.'
 
 
 13
 Nearly every workmen's compensation law contains an equivalent section. In interpreting the above section the Tennessee Supreme Court has held that 'this Act constitutes a complete substitute for previous remedies in tort on the part of an employee . . ..' Liberty Mutual Ins. Co. v. Stevenson, 212 Tenn. 178, 182, 368 S.W.2d 760, 762 (1963). There can be no doubt that plaintiffs herein could not have brought a tort action against Eastman.
 
 
 14
 Essex and Process propose an indemnity action against Eastman on the basis of the active-passive negligence theory. While such actions are generally permitted under Tennessee law, Cohen v. Noel, 165 Tenn. 600, 56 S.W.2d 744 (1933), indemnity is allowed only where both the active and passive tort-feasors share a common liability in tort to the injured party. The logic of this requirement is manifested in the following summary of the theory behind indemnity actions: 'Indemnity . . . shifts the entire loss from one tortfeasor who has been compelled to pay it to the shoulders of another who should bear it instead.' Prosser, Law of Torts, 51 Indemnity, p. 310 (4th ed. 1971). As the court in Scarbrough v. Murrow Transfer Co. stated, 'while an action for . . . indemnity will lie in Tennessee as between joint tortfeasors, . . . no such action will lie in the absence of a common tort liability unto the injured party.' 277 F.Supp. 92, 96 (E.D.Tenn.1967). Here, there was no common liability because Eastman was not liable to plaintiffs in tort.
 
 
 15
 The above argument, that common liability is required in indemnity actions, is often employed by courts in those jurisdictions which have rejected contribution and indemnity suits against employers bound by workmen's compensation laws.[3] It has been suggested by some writers that the common liability demanded in contribution cases (which courts dealing with indemnity questions have relied upon to a great extent) should not be similarly demanded in indemnity actions. While it is true that the problems encountered in a situation where there is contractual indemnity are substantially different from those faced in a contribution situation, indemnity under the active-passive negligence theory is more 'akin to contribution between tortfeasors, and should be governed in this regard by the principles applied to contribution.' Chamberlain v. McCleary, 217 F.Supp. 591, 597 (E.D.Tenn.1963).
 
 
 16
 The decision in this case in no way affects the validity of third-party actions for indemnity based upon express or implied contract. We note, in this regard, that the majority of jurisdictions which have considered the question have held that compensation laws do not bar such actions. See, e.g., Ryan Stevedoring Co. v. Pan-Atlantic S.S. Corp., 350 U.S. 124, 76 S.Ct. 232, 100 L.Ed. 133 (1956); General Electric Co. v. Moretz, 270 F.2d 780 (4th Cir. 1959) (interpreting Tennessee law). And, in fact, that is the result reached by this Court in Brogdon v. Southern Ry. Co., 384 F.2d 220 (6th Cir. 1967), where we had occasion to deal with the same section of the Tennessee Workmen's Compensation Law.
 
 
 17
 We conclude that third-party indemnity actions under the active-passive negligence doctrine are barred by T.C.A. 50-908, and the judgment of the district court dismissing their indemnity claims is affirmed.
 
 
 
 [1]
 13 Vand.L.Rev. 772 (1960); 24 Tenn.L.Rev. 1068 (1957); 4 Vand.L.Rev. 379 (1951)
 
 
 [2]
 For a compilation of cases prior to 1956, see 24 Tenn.L.Rev. 1068 (1957). Examples of more recent cases: Cacchillo v. H. Leach Machinery Co., 305 A.2d 541 (R.I.1973); Lampada v. State Sand & Gravel Co., 58 Wis.2d 315, 206 N.W.2d 138 (1973); Kamali v. Hawaiian Elec. Co., 54 H. 153, 504 P.2d 861 (1972); Dale v. Whiteman, 388 Mich. 698, 202 N.W.2d 797 (1972); Leech v. Georgia-Pacific Corp., 259 Or. 161, 485 P.2d 1195 (1971); Hilzer v. MacDonald, 169 Colo. 230, 454 P.2d 928 (1969)
 
 
 [3]
 13 Vand.L.Rev. 772, 783, and cases cited therein