William Canfield WILSON

v.

KNOXVILLE COMMUNITY DEVELOP-
MENT CORPORATION and City
of Knoxville.

KNOXVILLE COMMUNITY
DEVELOPMENT
CORPORATION

v.

UNITED STATES POST OFFICE
DEPARTMENT.

Civ. No. 3-78-62.

United States District Court,
E. D. Tennessee, N. D.

April 24, 1978.

Bob R. McGee, Knoxville, Tenn., for plaintiff.

Patrick G. Kelly, Knoxville, Tenn., for Comm. Dev., W. Mitchell Cramer, Knoxville, Tenn., for City.

W. Thomas Dillard, Asst. U. S. Atty., Knoxville, Tenn., for United States.

## MEMORANDUM

ROBERT L. TAYLOR, District Judge.

The original plaintiff brought this tort action in state court against the defendants on the basis of an accident which occurred while the plaintiff was employed by the United States Government as a mail carrier. The defendant, Knoxville Community Development Corporation, then brought an action as third-party plaintiff against the United States Post Office Department as third-party defendant. Upon motion by the third-party defendant, the entire action was transferred to this Court in accordance with 28 U.S.C. § 1441. Before the Court presently is a motion filed by the third-party defendant, which will be treated herein as a motion to dismiss, or in the alternative for summary judgment.

The facts relevant to the determination of this motion are not in dispute. The plaintiff was operating within the scope of his employment at the time he was alleged-

ly injured by a falling mail box on property under the general supervision of the third-party plaintiff.

The third-party defendant argues that the Federal Employees' Compensation Act, ("the F.E.C.A."), 5 U.S.C. §§ 8101 *et seq.*, provides a complete defense to third-party actions against the United States. The third-party plaintiff's claim, while premised upon alleged omissions of duties imposed by federal regulations, is dependent, at least initially, upon state law for the availability *vel non* of contribution and indemnity in the circumstances of this action. *Cf. Gill v. United States*, 429 F.2d 1072 (5th Cir. 1970).[1] The Court concludes that because of the immunity contained in the F.E.C.A. contribution and indemnity are not available under state law. *See Scarbrough v. Murrow Transfer Co.*, 277 F.Supp. 92, 96 (E.D.Tenn.1967).

█ The availability of contribution in this action is governed by the provisions of the Tennessee Uniform Contribution Among Tort-Feasors Act, Tenn.Code Ann. §§ 23–3101 *et seq.*, which provides in part that:

> "no right of contribution shall exist where, by virtue of . . . immunity under the workmen's compensation laws of the state of Tennessee, or like immunity, a claimant is barred from maintaining a tort action for injury or wrongful death against the party from whom contribution is sought." Tenn.Code Ann. § 23–3102.

The F.E.C.A. provides in part that:

> "[t]he liability of the United States or an instrumentality thereof under this subchapter . . . with respect to the injury . . . of an employee . . . is exclusive and instead of all other liability." 5 U.S.C. § 8116(c).

Accordingly, the plaintiff would be barred because of federal immunity from pursuing a tort action against the third-party defendant. *See Scarbrough v. Murrow Transfer Co., supra.* Under state law, this immunity also bars an action against the third-party

defendant for contribution. *See* Tenn.Code Ann. § 23–3102(a), *supra.*

█ Though not entirely clear from the pleadings, the third-party plaintiff's claim for indemnity appears to be based upon an allegation of active negligence on the part of the third-party defendant, in comparison with its own allegedly passive negligence, assuming *arguendo* that any negligence on its part exists at all. The rule in Tennessee is that while indemnity based upon an active-passive negligence theory is generally permitted, *Cohen v. Noel*, 165 Tenn. 600, 56 S.W. 744 (1933), such an action "is allowed only where both active and passive tort-feasors share a common liability in tort to the injured party." *Dawn v. Essex Conveyors, Inc.*, 498 F.2d 921 (6th Cir. 1974), *cert. denied* 419 U.S. 1040, 95 S.Ct. 528, 42 L.Ed.2d 317. As shown above, by virtue of the limitations contained in the F.E.C.A., the third-party defendant does not share any outstanding tort liability to the plaintiff. *See* 5 U.S.C. § 8116(c), *supra.* Therefore no claim for indemnity can be brought against the third-party defendant. *See Scarbrough v. Murrow Transfer Co., supra.*

In view of the fact that all of the remaining issues in this suit involve questions of state substantive and procedural law, and in view of the short period of time that this case has been before this Court, the Court concludes that the interests of justice would best be served by remanding this case to state court. *See* 28 U.S.C. § 1441(c). *Cf. McRae v. Arabian American Oil Co.*, 293 F.Supp. 844 (S.D.N.Y.1968).

For the foregoing reasons, it is ORDERED that the third-party defendant's motion to dismiss be, and the same hereby is, granted, and that this action be remanded to state court.

Order Accordingly.

---

1. Of course, the proper construction of the immunity granted under the Federal Employees' Compensation Act is a matter of federal law.

*See Travelers Insurance Company v. United States*, 493 F.2d 881 (3rd Cir. 1974).