Dawn RANNALS, Plaintiff,

v.

DIAMOND JO CASINO, Defendant.

No. 3:98 CV 7545.

United States District Court,
N.D. Ohio,
Western Division.

March 4, 2003.

Kirk E. Karamanian, Esq., Dennis Michael O'Bryan, Sr., Esq., O'Bryan Baun Cohen Kuebler, Birmingham, MI, for Plaintiff.

Amy M. Natyshak, Esq., Marshall & Melhorn, Toledo, OH, Kimbley Kearney, Esq., Clausen Miller, Chicago, IL, for Defendant.

Damon C. Miller, Trial Attorney, Torts Branch, Civil Division, U.S. Department of Justice, Washington, DC, for Third-Party Defendant.

## MEMORANDUM OPINION

KATZ, District Judge.

This matter is before the Court on Third–Party Defendant's motion for summary judgment (Doc. No. 68) to which Defendant/Third–Party Plaintiff has filed a response (Doc. No. 75) and Third–Party Defendant has filed a reply (Doc. No. 76); Plaintiff's motion to vacate order granting Defendant leave to file a Third–Party Complaint or in the alternative for separate trials (Docs. Nos. 51 & 52) as to which Defendant/Third–Party Plaintiff and Third–Party Defendant have filed responses (Docs. Nos. 58 & 64) and Defendant/Third–Party Plaintiff has also filed a reply (Doc. No. 69); Defendant/Third–Party Plaintiff's motion for sanctions (Doc. No. 56) to which Plaintiff has filed a response (Doc. No. 60) and Defendant/Third–Party Plaintiff has filed a reply (Doc. No. 62); and Defendant/Third–Party Plaintiff's motion for oral argument (Doc. No. 77).

For the reasons set forth below, Third–Party Defendant's motion for summary judgment will be granted; Plaintiff's motion to vacate order granting defendant leave to file a Third–Party Complaint or in the alternative for separate trials will be denied as moot; Defendant/Third–Party Plaintiff's motion for sanctions will be denied; and Defendant/Third–Party Plaintiff's motion for oral argument will be denied.

### BACKGROUND

The factual background of this matter is set forth in this Court's Memorandum Opinion dated September 29, 1999 (Doc. No. 20). Plaintiff Dawn Rannals ("Rannals") brought suit under the Jones Act, 46 U.S.C. § 688, to recover for injuries she suffered while she and three other employees of Defendant/Third–Party Plaintiff Diamond Jo Casino ("Diamond Jo") attended a week long firefighting training program at the Great Lakes Region Fire Training Center, which is operated by the United States Department of Transportation in

Toledo, Ohio. Plaintiff was not required to attend the training center as a condition of her employment, but the completion of such training was a prerequisite for promotion to a supervisory position, such as a lead deckhand.

At approximately 4:00 p.m. on January 16, 1998, the fourth day of the program, while walking to the rental car she and her co-employees had been using, Plaintiff slipped and fell on a patch of ice and frost in the training center's parking area, and fractured her ankle. There had been freezing rain, mist and snow in Toledo early that morning, and the temperature hovered in the mid-twenties for most of the day. Rannals brought suit for negligence against Diamond Jo, claiming that Defendant/Third–Party Plaintiff defaulted on its nondelegable duty to provide a safe work place. Defendant/Third–Party Plaintiff moved for summary judgment on Plaintiff's claim, which this Court granted.

Plaintiff appealed the judgment of this Court. On September 12, 2001, the Sixth Circuit Court of Appeals reversed the judgment of this Court. *Rannals v. Diamond Jo*, 265 F.3d 442 (6th Cir.2001). In a 2–1 decision, the Sixth Circuit concluded that this Court "erred by holding that any negligence on the part of the training center could not be imputed to Diamond Jo and by applying the defense of natural accumulation [to Diamond Jo] to defeat Rannals's claim." *Id.* at 449. The Sixth Circuit found that for the purpose of summary judgment, that Plaintiff had created a genuine issue of material fact as to whether she was acting within the terms of her employment at the time of her slip-and-fall injury,[1] whether Defendant or its agents (i.e. the training center) breached a non-delegable duty to provide a safe work-

place by failing to cure icy conditions in the training center's parking area, whether there was a contractual relationship between the Defendant and the training center (i.e. existence of agency relationship), and whether the training center's negligence, if any, may be imputed to the Defendant because of that relationship.

With leave of the Court, Diamond Jo filed a Third-party Complaint against the Third–Party Defendant United States ("United States") seeking contribution and/or indemnity, pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b)(1) and §§ 2671–2680, and tendering Third–Party Defendant to Rannals. Since Rannals had originally filed suit on the law side of the Court, the Third–Party Complaint was amended to remove the direct tender under Fed.R.Civ.P. 14(c). The only claim remaining under the Amended Third–Party Complaint is Diamond Jo's claim for contribution and/or indemnity.

## DISCUSSION

### A. DEFENDANT/THIRD-PARTY PLAINTIFF'S MOTION FOR ORAL ARGUMENT

Diamond Jo moves the Court for oral argument on the United States' motion for summary judgment due to the complexity of determining whether the common-law defense of natural accumulation under Ohio law precludes a finding of negligence on the part of the United States and thus bars Diamond Jo's claim for contribution and/or indemnity. Notwithstanding the fact that this motion remains unopposed, the salient facts are not in dispute. The Court finds that oral argument is not necessary for resolution of the United States' motion for summary judgment. Thus, Di-

---

1. Like the Sixth Circuit, this Court's Memorandum Opinion of September 29, 1999 found that Rannals had demonstrated that a reason-

able jury could find that Plaintiff was injured while acting in the scope of her employment.

amond Jo's motion for oral argument is denied.

## B. SUMMARY JUDGMENT STANDARD

As an initial matter, the Court sets forth the relative burdens of the parties once a motion for summary judgment is made. Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Of course, the moving party always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact. *Id.* at 323, 106 S.Ct. at 2553. The burden then shifts to the nonmoving party who "must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (quoting Fed.R.Civ.P. 56(e)).

Once the burden of production has so shifted, the party opposing summary judgment cannot rest on its pleadings or merely reassert its previous allegations. It is not sufficient "simply [to] show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). Rather, Rule 56(e) "requires the nonmoving party to go beyond the [unverified] pleadings" and present some type of evidentiary material in support of its position. *Celotex*, 477 U.S. at 324, 106 S.Ct. at 2553. Summary judgment shall be rendered if the pleadings, depositions, answers to in-terrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R.Civ.P. 56(c).

## C. THIRD-PARTY DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

### 1. Law Governing Third–Party Defendant's Liability

■ Third–Party Defendant moves for summary judgment, arguing that unlike Diamond Jo, it is not Rannals' Jones Act employer, and may avail itself of the common-law defense of natural accumulation under Ohio law, which relieves it of any direct liability to Rannals barring Diamond Jo's claim for contribution and/or indemnity. 28 U.S.C. § 1346(b)(1) states:

> Subject to the provisions of chapter 171 of this title, the district courts, together with the United States District Court of he Canal Zone and the District of the Virgin Islands, shall have exclusive jurisdiction of civil claims against the United States for money damages, accruing on and after January 1, 1945, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

In *FDIC. v. Meyer*, 510 U.S. 471, 478, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994) the Supreme Court stated: "[W]e have consistently held that § 1346(b)'s reference to 'law of the place' means law of the state—the source of substantive liability under the FTCA." *See also Fed. Express Corp. v. United States Postal Service*, 151 F.3d 536,

541 (6th Cir.1998); *Hill v. United States,* 453 F.2d 839, 840 (6th Cir.1972); *Mider v. United States,* 4 Ohio Misc. 23, 322 F.2d 193, 197 (6th Cir.1963); *Ochran v. United States,* 273 F.3d 1315, 1317 (11th Cir.2001); *Franklin v. United States,* 992 F.2d 1492, 1495 (10th Cir.1993); *Kruchten v. United States,* 914 F.2d 1106, 1107–08 (8th Cir. 1990); *Brown v. United States,* 653 F.2d 196, 200 (5th Cir.1981), *cert. denied,* 456 U.S. 925, 102 S.Ct. 1970, 72 L.Ed.2d 440 (1982). Consequently, any third-party liability on the part of the United States pursuant to Diamond Jo's claim for contribution and/or indemnity under the FTCA is determined by the law of the place where the act or omission occurred. *Green Constr. Co. v. Williams Form Eng'g Corp.,* 506 F.Supp. 173, 178 (W.D.Mich., 1980). *See also Bell Helicopter v. United States,* 833 F.2d 1375, 1379 (9th Cir.1987); *Wilson v. Knoxville Cmty. Dev. Corp.,* 451 F.Supp. 1168, 1169 (E.D.Tenn.1978); *Berger v. Winer Sportswear, Inc.,* 394 F.Supp. 1110, 1112–13 (S.D.N.Y.1975); *Champagne v. Bunge Grain Corp.,* No. 86–5069, 1987 WL 31765, at *1 (E.D.La. Dec. 28, 1987); 3 JAMES WM. MOORE, MOORE'S FEDERAL PRACTICE ¶ 14.10[2] (3d ed.2002); LESTER S. JAYSON, HANDLING FEDERAL TORT CLAIMS § 5.10 (2002).

▆▆ The Court also notes that where a plaintiff such as Rannals brings suit under the Jones Act for an alleged injury or tort that occurred on land, and is therefore non-maritime, the third-party action for contribution and/or indemnity is non-maritime. *Saint Paul Fire & Marine Ins. Co. v. United States,* 28 F.Supp.2d 472, 475–77 (E.D.Tenn.1998).[2] Accordingly, third-party actions for contribution and/or indemnity are resolved pursuant to state law. *Harrison v. Glendel,* 679 F.Supp. 1413, 1419–22 (W.D.La.1988); *Gauthier v. Crosby Marine Serv., Inc.,* 576 F.Supp. 681, 682–84 (E.D.La.1983).

Although it seems clear from the cases and authority discussed above that Diamond Jo's claim for contribution and/or indemnity should be adjudicated under Ohio law, Defendant/Third–Party Plaintiff argues that the United States' motion must be denied because the existence of an agency relationship would subject the United States "to the same liability (if any) to the plaintiff as Diamond Jo," and that "the basis of any liability of the United States as agent of Diamond Jo arises under the Jones Act." (Doc. No. 75, pp. 3, 6). This argument is not well-taken.

In reversing this Court's application of Ohio's common-law defense of natural accumulation in originally granting summary judgment to Diamond Jo the *Rannals* court stated:

> We do not believe that the Ohio common-law defense of natural accumulation can bar a seaman's Jones Act claim. Indeed, we believe that Rannals's case is extremely similar to *Chesapeake & Ohio Ry. Co.,* in which this court held that the question of whether an employer was negligent in failing to illuminate and salt a pathway to its ship that was often snowy and icy during the winter was a proper question for the jury (citation omitted). In so doing, this court … rejected an argument by the employer that is analogous to the natural accumulation doctrine, stating "we find without merit the contention of the employer …

---

2. "Maritime jurisdiction exists if two conditions are satisfied: location and connection with maritime activity. (citations omitted). The location test is satisfied if the tort occurs on navigable waters. (citation omitted). A connection with maritime activity exists if the incident has the potential to disrupt maritime commerce and has a substantial relationship to traditional maritime activity." *Good v. Ohio Edison Co.,* 149 F.3d 413, 417 n. 7 (6th Cir.1998).

that the employer owed no duty to keep the entire ninety acres free of snow and ice because it would be impossible to do that." (citation omitted). Moreover as the Supreme Court has long acknowledged due to the remedial purpose of the Jones Act and its expansive breadth of protections, employers are generally stripped of their common-law defenses in Jones Act cases. *Rogers,* 352 U.S. at 507–08, 77 S.Ct. 443 (quotation omitted). We find no reason to make an exception for the defense of natural accumulation under Ohio law and thus bar Rannals negligence claim.

*Rannals,* 265 F.3d at 452–53. To this portion of its opinion, the Sixth Circuit appended the following footnote:

> We recognize that a direct negligence claim against the managers or supervisors at the training center who failed to cure or eliminate the allegedly dangerous, icy conditions would be governed under the Federal Tort Claims Act, 28 U.S.C. § 1346(b), which requires the application of the state law to tort claims brought against the United States Government (i.e. in this case Ohio law), because the training center was managed and run by the United States Department of Transportation. (citation omitted). This does not, however, mean that Ohio law applies in the analysis of whether Diamond Jo would be liable for the negligence of its agent, the training center (if so found), under the Jones Act. To require the application of Ohio law in such determination would effectively render the Jones Act meaningless and would allow employers to circumvent Congress's intention to provide an expansive remedy to seamen under the Jones Act.

*Id.* at 453 n. 6.

The Sixth Circuit's opinion makes clear that because it is a Jones Act employer, Diamond Jo is not entitled to avail itself of the common-law defense of natural accumulation.

In *Cosmopolitan Shipping Co. v. McAllister,* 337 U.S. 783, 789–91, 69 S.Ct. 1317, 93 L.Ed. 1692 (1949), the Supreme Court held that a seamen's ability to pursue tort claims under the Jones Act is limited only to his or her employer, and "under the Jones Act, only one person, firm, or corporation can be sued as employer." Moreover, in *Dassigienis v. Cosmos Carriers & Trading Corp.,* 442 F.2d 1016, 1017 (2d Cir.1971), the court relied on *Cosmopolitan* in holding that a plaintiff could not assert a Jones Act claim against two defendants because they were agents of the defendant and had not "acted as plaintiff's employer." *See also Tamboris v. Kainis Compania Maritima,* 439 F.2d 1131, 1132 n. 1 (5th Cir.1971) (explaining that a party acting only as an agent, and was "neither employer nor shipowner," was not liable under the Jones Act).

Further, nothing in the body of the Court of Appeals opinion or the footnote precludes the application of the common-law defense of natural accumulation to the United States. In fact, as the dissent explains, the majority has established a paradigm for imputed liability whereby: "If the third party is in compliance with its jurisdiction's common-law negligence rules, the ship will be unable to maintain a subsequent action against that third-party." *Rannals,* 265 F.3d at 456 (Boggs, J., dissenting). In effect, this "leav[es] the employer 'holding the bag' as absolute insurer." *Id.*

■ Other courts have rejected arguments analogous to that offered by Diamond Jo. *Cazad v. Chesapeake & Ohio Ry. Co.,* 622 F.2d 72 (4th Cir.1980); *Armstrong v. The Kansas City Southern Ry. Co.,* 752

F.2d 1110 (5th Cir.1985).[3] In *Cazad,* the plaintiff brought a negligence suit against his employer under FELA for injuries sustained on the property of a third party for failure to provide a safe work place. In turn, his employer brought suit against the third party for contribution and/or indemnity. In affirming the district court's dismissal of the employer's third-party action the *Cazad* court asserted:

> For [defendant/third-party plaintiff] to recover from [third-party defendant] under the side track agreement or any other theory, it must be established that plaintiff's injuries were caused in whole or in part by the negligence of [third-party defendant]. On this point, [defendant/third-party plaintiff] contends that since it was found negligent, it necessarily follows that [third-party defendant] was negligent, since [plaintiff] concededly was injured on the property of [third-party defendant]. The flaw in this argument, however, is that any negligence on the part of [third-party defendant] must be determined under the common law of West Virginia, where as [defendant/third-party plaintiff's] negligence under the FELA is to be determined as a matter of federal law interpreting and implementing the Act.

*Id.* at 75.

The *Armstrong* court, citing *Cazad,* applied the same rationale in affirming a verdict in favor of an employee who had sued his railroad employer for negligence under FELA, while absolving the third-party defendant of any responsibility to indemnify the railroad based on state law. *Armstrong,* 752 F.2d at 1114–15. Significantly, the third-party defendant was

deemed to be an agent of the railroad. *Id.* at 1112 n. 2.

In the case *sub judice,* it is undisputed that the United States was not Rannals' employer. Even assuming *arguendo* that the United States was Diamond Jo's agent, Diamond Jo's argument that this relationship metamorphosizes the United States into a Jones Act employer precluded from asserting common-law defenses is mistaken. Thus, the Court finds that the liability, if any, of the United States to Diamond Jo for contribution and/or indemnity is determined under Ohio law, including the common-law defense of natural accumulation.

2. Application of Ohio Law to Diamond Jo's Claim for Contribution and/or Indemnity Against the United States

 In *Travelers Indem. Co. v. Trowbridge,* 41 Ohio St.2d 11, 321 N.E.2d 787, 789 (1975), the Ohio Supreme Court stated. "Where a person is chargeable with another's wrongful act and pays damages to the injured party as a result thereof, he has a right of indemnity from the person committing the wrongful act, the party paying the damages being only secondarily liable; whereas, the person committing the wrongful act is primarily liable." *See also Krasny–Kaplan Corp. v. Flo–Tork, Inc.,* 66 Ohio St.3d 75, 609 N.E.2d 152, 154 (1993) (describing indemnity as applying where "one who is primarily liable is required to reimburse another who has discharged a liability for which that other is only secondarily liable").

 This has been interpreted to mean that "[u]nder Ohio common law, indemnity may lie in favor of a party who was not

---

**3.** "[T]he Jones Act incorporates the standards of the Federal Employer's Liability Act … which renders an employer liable for the injuries negligently inflicted on its employees by

its officers, agents, or employees." *Rannals,* 265 F.3d at 448 (quoting *Hopson v. Texaco, Inc.,* 383 U.S. 262, 263, 86 S.Ct. 765, 15 L.Ed.2d 740 (1966)).

actively negligent but is nonetheless made liable under the law." *Mills v. River Terminal Ry. Co.*, 276 F.3d 222, 226 (6th Cir.2002) (citing *Albers v. Great Cent. Transp. Corp.*, 145 Ohio St. 129, 60 N.E.2d 669, 671 (1945)). *See also Parsons Consol. Rail Corp. v. Sorg Paper Company*, 942 F.2d 1048, 1051–51 (6th Cir.1991) (asserting that a party that is passively, or only secondarily negligent, has a right of indemnity against a party that is actively, or primarily negligent). Active negligence requires a "tortfeasor's actual participation in the tort or his knowing acquiescence in the continuation of a dangerous situation which gives rise to the injury." *Nevins v. Ohio Dep't. of Transp.*, 132 Ohio App.3d 6, 724 N.E.2d 433, 446 (Ohio Ct.App. 10th Dist.1998).

■ Moreover, "where one party is secondarily liable for another's primary negligence based on vicarious liability, the subrogation indemnity principles apply—not contribution." *Wells v. Spirit Fabricating Ltd.*, 113 Ohio App.3d 282, 680 N.E.2d 1046, 1054 (1996) (citing *Motorists Mut. Ins. Co. v. Huron Road Hosp.*, 73 Ohio St.3d 391, 653 N.E.2d 235, 238–39 (1995)).[4] *See also Reynolds v. Physicians Ins. Co. of Ohio*, 68 Ohio St.3d 14, 623 N.E.2d 30, 31 (1993) (explaining that indemnification does not apply where two parties "are joint or concurrent tortfeasors and are both chargeable with actual negligence."); O.R.C. § 2307.31(D).[5]

In the case *sub judice*, Diamond Jo's liability, as an employer under the Jones Act, which imposes a non-delegable duty to provide a safe work place to Rannals, is alleged to arise vicariously out of the United States' actual failure to remove the ice from the training center parking area, which Diamond Jo neither owned nor exercised control over. No one contends that Diamond Jo actually participated in failing to remove the ice. Further, nothing suggests that Diamond Jo knowingly acquiesced in the continuation of the alleged dangerous condition. This Court previously recognized the difficulty Diamond Jo would incur in trying to monitor the weather conditions between its place of operation in Iowa and Toledo, Ohio 370 miles a way. While acknowledging this difficulty, the Sixth Circuit stated: "That it was the training center, and not Diamond Jo directly, that was negligent in failing to cure dangerous icy conditions at the program does not remove liability from Diamond Jo; Diamond Jo is still responsible for the negligence of its agent, in this case, the training center." *Rannals*, 265 F.3d at 451. Thus, the court believes that Diamond Jo's claim against the United States is properly characterized as one for indemnity.

■ In *O'Neil v. Showa Denko K.K.*, 101 Ohio App.3d 345, 655 N.E.2d 767, 769 (1995), however, the court stated: "Explicit in *Krasny–Kaplan* and any discussion of an implied right of indemnity is the concept that one of the codefendants must be at fault in causing a plaintiff's injuries." In fact, "[a]bsent fault, there is no basis for indemnification, since 'one party must

---

**4.** In *Motorists Mutual,* the Ohio Supreme Court overruled *Travelers* to the extent that it: "term[ed] a right of contribution a right of indemnity" especially since the Ohio legislature had since created a statutory scheme "of contribution between concurrent tortfeasors" under O.R.C § 2307.31. *Motorists Mutual,* 653 N.E.2d at 238.

**5.** O.R.C. § 2307.31(D) provides:

This section does not impair any right of indemnity under existing law. If one tortfeasor is entitled to indemnity from another, the right of the indemnity obligee is for indemnity and not contribution, and the indemnity obligor is not entitled to contribution from the obligee for any portion of the indemnity obligation.

be chargeable for the wrongful act of another as a prerequisite for indemnity.'" *Id.* (quoting *Convention Ctr. Inn, Ltd. v. Dow Chem. Co.,* 70 Ohio App.3d 243, 590 N.E.2d 898, 900 (1990)). Therefore, for a potential indemnitee such as Diamond Jo to recover from a potential indemnitor such as the United States, the indemnitor must be liable to the plaintiff.[6]

In Ohio, under the common-law defense of natural accumulation, a landowner, as a matter of law, has no duty to remove natural accumulations of ice or snow on its premises. *Brinkman v. Ross,* 68 Ohio St.3d 82, 623 N.E.2d 1175, 1178 (1993). In its September 29, 1999, Memorandum Opinion, relying on *Brinkman* and similar cases from other jurisdictions, this Court found that the United States had no duty to remove the patch of ice on which Rannals slipped and fell. (Doc. No. 20, pp. 6–7, 9), which the Sixth Circuit did not disturb on appeal. The United States is itself not liable to Rannals. Thus, the United States' motion for summary judgment on Diamond Jo's claim for contribution and/or indemnity is granted.[7]

*D. PLAINTIFF'S MOTION TO VACATE ORDER GRANTING DEFENDANT LEAVE TO FILE A THIRD-PARTY COMPLAINT OR IN THE ALTERNATIVE FOR SEPARATE TRIALS*

In an Amended Order, dated October 11, 2002, the Court denied as moot Plaintiff's motion to vacate an order granting Defendant leave to file a Third–Party Complaint or in the alternative for separate trials as moot with regard to the motion to vacate order granting leave to file third-party complaint. (Doc. No. 54). The Court reserved judgment on the motion for separate trials (which was accompanied by a request that Diamond Jo bear the costs or expenses incurred as the result of discovery required by its third-party action) pending its ruling on the United States' motion for summary judgment.[8] Given the disposition of the United States' motion for summary judgment, Plaintiff's motion for separate trials is now also denied as moot.

*E. DEFENDANT/THIRD–PARTY PLAINTIFF'S MOTION FOR SANCTIONS*

In response to Plaintiff's motion to vacate its' order granting Defendant leave to file a Third–Party Complaint or in the alternative for separate trials, Defendant/Third–Party Plaintiff filed both a response and its own motion for sanctions against Plaintiff pursuant to Fed.R.Civ.P. 11. Diamond Jo argues that sanctions should be imposed because Plaintiff's motion was premature and that her request that any discovery costs or expenses she might incur as a result of adjudicating Diamond Jo's third-party claims be assessed against Diamond Jo was specious.

Under Fed.R.Civ.P. 11, sanctions are appropriate when an attorney's

---

**6.** This interpretation is consistent with RESTATEMENT (THIRD) OF TORTS: APPORTIONMENT OF LIABILITY § 22 cmt. c (2000), which notes "A person seeking indemnity must prove that the indemnitor would have been liable to the plaintiff."

**7.** Even if Diamond Jo's claim for recovery from the United States might be properly categorized as one for contribution, the claim must fail because the United States is not liable to Rannals. "The right to contribution is the right to recover from another who is also liable for the proportionate share of that joint tortfeasor's liability." *Nevins,* 724 N.E.2d at 447. *See also Frank Lerner & Assoc., Inc. v. Vassy,* 74 Ohio App.3d 537, 599 N.E.2d 734, 741 (1991); RESTATEMENT (THIRD) OF TORTS: APPORTIONMENT OF LIABILITY § 23 cmt. j (2000).

**8.** The United States joined Plaintiff's motion with respect to Plaintiff's request for separate trials without taking a position as to who should bear the costs of discovery.

conduct is not reasonable under the circumstances. *Mann v. G & G Mfg. Inc.*, 900 F.2d 953, 958 (6th Cir.1990); *INVST Financial Group Inc. v. Chem–Nuclear Sys. Inc.*, 815 F.2d 391, 401 (6th Cir.1987), *cert. denied,* 484 U.S. 927, 108 S.Ct. 291, 98 L.Ed.2d 251 (1987). While a district court is given wide discretion in assessing the reasonableness of counsel's conduct, this assessment must be based on "what was reasonable to believe at the time the pleading, motion or other paper was submitted." *INVST*, 815 F.2d at 401 (quoting Fed. R.Civ.P. 11 advisory committee notes to the 1983 amendment). *See also McGhee v. Sanilac County,* 934 F.2d 89, 93 (6th Cir. 1991).

In the instant action, the Court notes that Fed.R.Civ.P. 14(a), under which the Amended Third–Party Complaint is deemed to arise, provides that a party may move for separate trials. Though the Court has now denied as moot Plaintiff's motion to the extent it requests separate trials, Plaintiff's motion was filed two weeks before the Court granted the United States leave to file its motion for summary judgment on Diamond Jo's third-party action. Plaintiff also filed a supplement to its motion eight (8) days later withdrawing the portion seeking to vacate the order granting Defendant leave to file a third party complaint, having realized it was not reasonable given this Court's previous rulings.[9]

While the facts on which Rannals' Complaint and Diamond Jo's Third–Party Complaint overlap, Plaintiff's position that bifurcation would be appropriate due to the varying legal issues if the United States were to remain a party is not without merit. This is especially true since the Court would have been the ultimate fact-finder with respect to the third-party claim for which the jury in the principal case between Rannals and Diamond Jo could at most serve in an advisory capacity. 28 U.S.C. § 2402; Fed.R.Civ.P. 39(c). The Court's assessment of the United States' motion for summary judgment demonstrates the potential for jury confusion due to the subtle legal distinctions involved. Finally, after considering the parties' arguments, the Court is unpersuaded that imposing sanctions against Plaintiff for requesting that Diamond Jo bear the costs or expenses incurred as the result of discovery required by its third-party action is appropriate. Thus, Defendant/Third–Party Plaintiff's motion for sanctions is denied.

### CONCLUSION

For the reasons set forth above, Third–Party Defendant's motion for summary judgment (Doc. No. 68) is granted; Plaintiff's motion to vacate order granting defendant leave to file a Third–Party Complaint or in the alternative for separate trials (Docs. Nos. 51 & 52) is denied as moot; Defendant/Third–Party Plaintiff's motion for sanctions (Doc. No. 56) is denied; and Defendant/Third–Party Plaintiff's motion for oral argument (Doc. No. 77) is denied.

IT IS SO ORDERED.

---

**9.** A party against whom the motion for sanctions is directed may avoid sanctions by withdrawing or correcting the offending conten-

tion within twenty-one (21) days. Fed. R.Civ.P. 11(c)(1)(A).